# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**WYOMA IVY**                                                                                         **PLAINTIFF**

**V.**                                                                    **CAUSE NO.: 1:08CV20-SA-JAD**

**LANE FURNITURE INDUSTRIES, INC.**                                                                   **DEFENDANT**

## MEMORANDUM OPINION

Comes now before this Court, Defendant's Motion to Dismiss [20], Motion to Strike [30], and Motion for Summary Judgment [32]. After reviewing the motions, responses, rules, and authorities, the Court makes the following findings:

*A. Factual and Procedural Background*

From July 1999 until June 2006, Plaintiff Wyoma Ivy was employed as a sewing operator for Lane Furniture Industries, Inc., (Lane). Pursuant to an Efficiency Policy adopted by Lane in 1996, "all sewing operators must maintain a minimum of 95% efficiency." Lane also has in place an attendance policy which provides: "The Company will generally consider an absence excused if an employee has a legitimate and sufficient reason for his absence, which is acceptable." Under Lane's Discipline Policy, an employee who violates company policies is provided three written warnings. If a fourth violation occurs within twelve months of the first written warning, the result is a discharge from employment.

In October of 2005, Ivy asked for and received time off from work to have sinus surgery. Plaintiff testified that she was out two to three weeks for the surgery and was placed back in her same position upon returning to work. On November 22, 2005, Lane notified Ivy of her first violation of company policy for averaging 84.18% efficiency for the weeks ending November 5, 2005, and November 12, 2005. On December 14, 2005, Ivy received her second violation of

company policy for averaging 89.49% efficiency for the weeks ending December 3, 2005, and December 10, 2005. On February 21, 2006, Lane notified Ivy of her third violation of company policy for an unexcused absence the preceding day. Ivy was absent due to the weather, which Lane considered an illegitimate reason for an absence.

From April 19, 2006, through May 8, 2006, Plaintiff was off work for a tonsillectomy. When she returned to work, she was placed in the same position she was prior to the surgery. On June 7, 2006, Ivy received her fourth violation of company policy for averaging 79.27% efficiency for the weeks ending May 27, 2006, and June 3, 2006. The fourth violation of company policy occurred within twelve months of the first violation resulting in Plaintiff's discharge pursuant to the Discipline Policy.

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commmission (EEOC) on December 8, 2006, alleging that Lane violated Title VII by terminating her in retaliation for exercising her rights under the Family and Medical Leave Act (FMLA). The EEOC issued its Dismissal and Notice of Rights on October 31, 2007, noting that the "facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC." Plaintiff thereafter filed her complaint in this Court.

Lane moves this Court to dismiss Plaintiff's Title VII claims as untimely. Moreover, Lane seeks to strike Plaintiff's response to the motion to dismiss as untimely. Lane also requests that this Court grant summary judgment on Plaintiff's FMLA claim for failing to overcome the prima facie burden imposed by case law, or alternatively, failing to prove pretext.

*Motion to Dismiss*

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true,

viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)).

Defendant attached Plaintiff's charge of discrimination to their motion to dismiss to prove that Plaintiff did not meet the time limitations under Title VII. Plaintiff's Complaint states that the charge is attached as an exhibit, however, the court was unable to find the attachment. Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citing Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000) (quotations and citation omitted)). Therefore, this Court's use of the Charge of Discrimination attached to Defendant's Motion to Dismiss and cited in Plaintiff's Complaint does not require the court to analyze this motion under a summary judgment standard.

Before one may pursue a Title VII claim in federal court, he must exhaust his administrative

remedies. Hall v. Continental Airlines, Inc., 252 Fed. Appx. 650, 653 (5th Cir. 2007). Exhaustion occurs when an individual files a timely charge of discrimination with the EEOC, the charge is dismissed by the EEOC, and the EEOC informs the individual of the right to sue. Id. The charge of discrimination must be filed with the EEOC within one hundred eighty (180) days after the alleged unlawful employment practice took place. 42 U.S.C. § 2000e-5(e)(1); Barnes v. Levitt, 118 F.3d 404, 408 (5th Cir. 1997); Blanchard v. Union Nat'l Life Ins. Co., 1996 U.S. Dist. LEXIS 21371, *6 (N.D. Miss. May 16, 1996). "The limitations period set forth in 42 U.S.C. § 2000e(5)(e)(1) acts as a statute of limitations." Moorman v. Int'l Paper Co., 1998 U.S. Dist. LEXIS 15572, *7 (N.D. Miss. Sept. 17, 1998).

Plaintiff asserts her termination date as the date the discrimination took place; therefore, for her charge to be timely, it must have been filed by December 4, 2006. Plaintiff signed and dated her charge December 8, 2006.[1] Thus, Plaintiff's Title VII claims are untimely and are hereby DISMISSED.[2]

*Motion for Summary Judgment*

When considering a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by

---

[1]Plaintiff attempts to introduce a Charge Information Form as evidence that she filed within the one hundred eighty day deadline. Besides this evidence being improper for consideration on a motion to dismiss, the statute clearly states that the "**charge** . . . shall be filed within one hundred and eighty days . . ." 42 U.S.C. § 2000e-5(e) (emphasis added).

[2]Defendant also filed a Motion to Strike Plaintiff's untimely response to the Motion to Dismiss. Plaintiff's response was more than two months overdue. Because of this Court's dismissal of Plaintiff's Title VII claim, however, the Motion to Strike [30] is moot.

'showing'...that there is an absence of evidence to support the nonmoving party's case"). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. 2548 (citing FED. R. CIV. P. 56(c), (e)). That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). All legitimate factual inferences must be made in favor of the nonmovant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the nonmovant. Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

The FMLA prohibits employers from "interfering with, restraining, or denying the exercise or the attempt to exercise, any right provided under" the act. 29 U.S.C. § 2615(a)(1). Concomitantly, the FMLA prohibits employers from "discharging or in any other manner discriminating against an individual for opposing any practice made unlawful" by the act. Id. at § 2615(a)(2). To make a prima facie case of retaliatory discharge, the employee must show that (1) she engaged in a protected activity, (2) the employer discharged her, and (3) there is a causal link between the protected activity and the discharge. Hunt v. Rapides Healthcare Sys., Inc., 277 F.3d 757, 768 (5th Cir. 2001).

Here, the parties do not dispute that Plaintiff has shown she engaged in a protected activity under the FMLA, and that she suffered an adverse employment action. The parties do dispute,

however, whether there is a causal link between the protected activity and the discharge. As a prima facie element, this third prong is not an ultimate showing of liability, but merely determines whether there is enough evidence to require an employer to respond. See Tex. Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 253-54, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981) (observing that the burden is "not onerous" and only creates a "presumption"). All that is required is "a causal connection between the protected activity and the discharge." Chaffin v. John H. Carter Co., 179 F.3d 316, 319 (5th Cir. 1999).

The plaintiff does not have to show that the protected activity is the only cause of her termination. Long v. Eastfield Coll., 88 F.3d 300 n.4 (5th Cir. 1996) (holding that the plaintiff was not required to show that the protected activity was the "sole factor" motivating adverse employment action). The plaintiff is, however, required to show that the protected activity and the adverse employment action are not completely unrelated. Medina v. Ramsey Steel Co., 238 F.3d 674, 684 (5th Cir. 2001). When evaluating whether the adverse employment action was causally related to the FMLA protection, the court shall consider the "temporal proximity" between the FMLA leave, and the termination. Mauder v. Metro. Transit Auth. of Harris County, 446 F.3d 574, 583 (5th Cir. 2006) (citing Wilson v. Lemington Home for the Aged, 159 F. Supp. 2d 186, 195-96 (W.D. Pa. 2001)).

As noted above, Plaintiff's four company infractions occurred within a close temporal proximity to her taking FMLA leave for sinus surgery and tonsillectomy. As such, Plaintiff has narrowly satisfied her prima facie burden to show FMLA retaliation. See Powers v. Woodlands Religious Cmty. Inc., 2009 U.S. App. LEXIS 7500, *4-5 (5th Cir. Apr. 8, 2009) (noting that one month between FMLA leave and the plaintiff's discharge was sufficient evidence to establish a

prima facie case under the FMLA); Grubb v. Southwest Airlines, 296 Fed. Appx. 383, 390 (5th Cir. 2008) (finding that the timing of plaintiff's termination less than three weeks after asking for FMLA leave is sufficient to establish a prima facie case).

When there is no direct evidence of discriminatory intent, the Fifth Circuit has typically relied on the familiar McDonnell-Douglas burden-shifting framework to determine whether an employer discharged an employee in retaliation for participating in FMLA-protected activities. Hunt, 277 F.3d at 768. Specifically, once the employee establishes a prima facie case of retaliation, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Id. If the employer succeeds in doing so, the burden shifts back to the employee to show by a preponderance of the evidence that the employer's articulated reason is a pretext for discrimination. Id.; see also Richardson v. Monitronics Int'l, Inc., 434 F.3d 327, 333 (5th Cir. 2005).

Lane has put forth evidence of its internal policies regarding efficiency and attendance. Lane asserts that Plaintiff was discharged in accordance with its Discipline Policy after failing to meet the efficiency standards and missing work for an insufficient reason. Thus, Lane has articulated a legitimate nondiscriminatory reason for Plaintiff's discharge. See Powers, 2009 U.S. App. LEXIS 7500, at *5 (violation of company policy is a legitimate nondiscriminatory reason for Defendant's decision to terminate).

Plaintiff has offered the Mississippi Department of Employment Security's (MDES) findings on Plaintiff's unemployment insurance claim as evidence of pretext. Even if this report were proper evidence for submission on summary judgment, the findings of the MDES do not establish that Lane's justification for discharging the Plaintiff was pretext for a violation of the FMLA's anti-retaliation clause.

The MDES Appeals Officer found that Plaintiff "did her best and worked as fast as she could in the weeks her production was below the benchmark." Plaintiff has not asserted that Lane manufactured her production numbers nor is there any proof or insinuation in the record that Lane's reason for terminating the Plaintiff's employment was for any reason other than her failure to meet the 95% efficiency benchmark and her unexcused absence. As further evidence that Plaintiff's termination was not in response to her FMLA leave, Lane notes that after Plaintiff took FMLA leave in April 2006 for three weeks and returned to work in her same position, she met the efficiency standard for sewing operators until the two week period ending on June 3, 2006.

Plaintiff has presented no evidence that Lane's stated reason for termination was pretextual or a cover for a discharge in contravention of the FMLA. Therefore, Plaintiff's case is DISMISSED.

SO ORDERED, this the   15th   day of June, 2009.

                                           **/s/ Sharion Aycock**
                                           **U.S. DISTRICT JUDGE**